1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

GARY Y.,[1]

               Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 8:24-cv-02299-JDE

MEMORANDUM OPINION AND
ORDER

Plaintiff Gary Y. ("Plaintiff"), proceeding pro se, filed a Complaint on
October 22, 2024, seeking review of a partially unfavorable ruling on his
application for retirement insurance benefits ("retirement benefits") under Title
II of the Social Security Act. The Court has reviewed the Complaint (Dkt. 1),
Plaintiff's Opening Brief (Dkt. 14), the Commissioner's Answering Brief (Dkt.
24), Plaintiff's Reply Brief (Dkt. 25), and the Administrative Record (Dkt. 9,
"AR"). The matter was reassigned to the undersigned on August 13, 2025.
Dkt. 26. The matter is now ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ.
P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration
and Case Management of the Judicial Conference of the United States.

# I.

# BACKGROUND

Plaintiff, born on September 8, 1954, applied for retirement benefits in July 2019, stating he was not entitled to and did not expect "to become entitled to a pension or annuity based in whole or in part on work after 1956 not covered by Social Security." AR 184. The Social Security Administration ("SSA") determined that in September 2019, Plaintiff was entitled to receive retirement benefits, but the Windfall Elimination Provision ("WEP") reduced his retirement benefits. AR 69. Plaintiff requested reconsideration. AR 74. After the decision to apply the WEP was affirmed, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 77-84.

A hearing was held on January 25, 2024. AR 8-46, 84. On April 12, 2024, the ALJ issued a decision finding Plaintiff's retirement benefits were properly reduced by applying the WEP. AR 50-57. The Appeals Council denied review on August 29, 2024. AR 1-5. This action followed.

# II.

# LEGAL STANDARD

Under 42 U.S.C. § 405(g), this Court may review a final decision of the Commissioner following a hearing before an ALJ for legal error.

# III.

# DISCUSSION

Plaintiff raises one issue (Dkt. 14 at 1-23): Was the WEP properly applied to reduce his retirement benefits. The Commissioner now agrees that the matter should be remanded due to a change in the law, specifically, the Social Security Fairness Act, signed into law on January 5, 2025, which repealed the WEP as of January 2024. See Social Security Fairness Act of 2023, Pub. L. No. 118-273 § 4, 138 Stat. 3232, 3233 (2025).

In light of the change in law, the Commissioner asks the Court to remand for the Appeals Council to "issue a partially favorable decision which finds that the WEP applies in determining the benefits payable to Plaintiff through December 2023 [and] does not apply in determining benefits payable to Plaintiff beginning January 2024." Dkt. 24 at 7. Plaintiff counters that such a remand "would confer nothing to" him and "would be the worst possible defeat," asking the Court to "fully decide [his] complaint," in which he seeks an order "restor[ing]" all benefits withheld due to WEP and the cessation of all future WEP reductions." Dkt. 25 at 10; Dkt. 1 at 5.

The Court follows neither path offered by the parties. As the Commissioner agrees that remand is warranted, the Court orders a remand, with the parties free to assert any otherwise procedurally available arguments regarding the application of the Social Security Fairness Act and WEP at the administrative level, as the Court finds further administrative proceedings on those issues could be of assistance. An immediate award of all benefits claimed by Plaintiff is not warranted at this time, on this record, but Plaintiff is free to take up such an argument at the agency level. The Court declines to impose any directions on how WEP and/or the Social Security Fairness Act must be applied on remand, other than that such proceedings comply with the law.

## IV.

## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: October 3, 2025

_____
JOHN D. EARLY
United States Magistrate Judge

3